101 F.3d 683
 5 A.D. Cases 1536
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Eric N. KEMER, Plaintiff-Appellant,
v.
Roger JOHNSON, Administrator, General Services
Administration, Defendant-Appellee.
 No. 95-6413.
 United States Court of Appeals, Second Circuit.
 April 30, 1996.
 
 APPEARING FOR APPELLANT: Eric N. Kemer, pro se, Rockaway Park, N.Y.
 APPEARING FOR APPELLEE: Sapna V. Raj, Asst. U.S. Atty., New York, N.Y.
 S.D.N.Y.
 AFFIRMED.
 Before NEWMAN, Chief Judge, McLAUGHLIN, and CABRANES, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued by appellant pro se and by counsel for appellee.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 3
 Eric Kemer appeals pro se from the October 20, 1995, judgment of the District Court, dismissing, on motion for summary judgment, his suit alleging employment discrimination on the basis of a disability, arising from a mental disorder.
 
 
 4
 The suit was properly dismissed. The Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., is inapplicable to Kemer's claim because his application for employment with the defendant General Services Administration ("GSA") was rejected in December 1990, prior to the July 26, 1992, effective date of the ADA, see Pub.L. No. 101-336, § 108, 104 Stat. 327, 337 (1990).
 
 
 5
 Kemer's claim under the Rehabilitation Act of 1973, 29 U.S.C. § 794(a), fails because, among other reasons, it is beyond reasonable dispute that his employment application was not rejected because of his disability. GSA rejected his application because of its incompleteness, notably gaps in his employment history. A GSA official explained the deficiency to Kemer and sent him another application to complete. The second application was never returned. GSA was entitled to reject Kemer as an applicant under these circumstances.